IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MADI LANE,<br>    *Plaintiff,*<br><br>v.<br><br>NAVARRO COLLEGE; MONICA<br>ALDAMA; MICHAEL LANDERS;<br>ELIZABETH PILLANS; and<br>SALVATORE "SALVO" AMICO,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 3:23-cv-00883-K |

## SALVATORE AMICO'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Salvatore "Salvo" Amico ("Defendant Amico"), by and through his attorney, and files this, his Answer and Defenses to Plaintiff's Original Complaint (Doc. 1) and in support thereof state the following:

### I.    INTRODUCTION

1.    Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Original Complaint and, on that basis, denies them.

2.    Defendant Amico admits that Navarro College has a cheer team based out of Corsicana, Texas. Defendant Amico lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Original Complaint and, on that basis, denies them.

1

3.      Defendant Amico admits that a documentary series entitled "Cheer," featuring Navarro College cheerleaders may exist. Defendant Amico lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3 of Plaintiff's Original Complaint and, on that basis, denies them.

4.      Defendant Amico admits that competitive cheerleading requires commitment, training, and travel from its athletes. Defendant Amico lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiff's Original Complaint and, on that basis, denies them.

5.      Defendant Amico admits that, to his knowledge, Plaintiff Madi Lane was a student and a cheerleader for Navarro College. Defendant Amico lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5 of Plaintiff's Original Complaint and, on that basis, denies them.

6.      Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Original Complaint and, on that basis, denies them.

7.      To the extent the allegations relate to any action by Defendant Amico, Defendant denies all the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8.      Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraphs 8 – 20 of Plaintiff's Original Complaint and, on that basis, denies them.

## II.      PARTIES

9.      Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraphs 21 – 25 of Plaintiff's Original Complaint and, on that basis, denies them.

10.     Defendant Amico admits the allegations in Paragraph 26 of Plaintiff's Original Complaint.

### III.     JURISDICTION AND VENUE

11.     Paragraphs 27 – 29 sets forth legal conclusions that do not require a response. To the extent a response is required, Defendant Amico admits this Court has original, concurrent and/or supplemental jurisdiction over Plaintiff's claims and that venue is proper.

### IV.     FACTUAL BACKGROUND

12.     Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraphs 30 – 33 of Plaintiff's Original Complaint and, on that basis, denies them.

13.     Defendant Amico admits that Plaintiff and Emmalynn Donvito ("Emma") came to his dorm room on or about September 2, 2021 and invited Defendant Amico back to their dorm room. Defendant Amico also admits that, when he arrived at Plaintiff's dorm room, William Hernandez ("Will") was there. Defendant Amico denies the remaining allegations in Paragraph 34 of Plaintiff's Original Complaint.

14.     The physical intimacy that occurred between Plaintiff and Defendant Amico was consensual. Emma and Will were in the room at all times as witnesses to Plaintiff not once telling Defendant Amico to stop (much less scream it). Plaintiff was a willing participant and was not assaulted by Defendant Amico. Defendant Amico was not asked to leave, he left of his own accord around 4:00 a.m. since he had class at 9:30 a.m. that morning. Defendant denies all allegations to the contrary as asserted in Paragraph 35 of Plaintiff's Original Complaint.

15.     To Defendant Amico's knowledge, Plaintiff did defame him to other members of the cheer team and/or coaches. Moreover, Plaintiff told a different story to different members of the team. On the night the alleged assault happened, Plaintiff went to a party and shared that she had eaten edibles and been drinking the night before (when the assault allegedly occurred). Plaintiff further claimed at the party that she was in a relationship and would never cheat on her boyfriend and that the physical intimacy she shared with Defendant Amico was not consensual. When members of the cheer team asked Defendant Amico, Will, and Emma what had happened after Plaintiff began to spread the rumor, Emma and Will confirmed that Plaintiff was not telling the truth, giggled throughout the physical intimacy, never said "stop" or "no," and never raised her voice. Moreover, in the days immediately following Plaintiff's alleged assault, Plaintiff sent Defendant Amico multiple messages on Snapchat, hugged, joked, and laughed with Defendant Amico at cheer practice, and ate meals together like they always did. Defendant Amico denies all other allegations to the contrary in Paragraphs 35 and 36 of Plaintiff's Original Complaint.

16.     A couple of days after Defendant Amico and Plaintiff were intimate, on or about September 4, 2021, Plaintiff came to his dorm room with Stace Artigue ("Stace") to discuss the issue. Plaintiff apologized to Defendant Amico for spreading the rumor that he assaulted her, saying that she panicked because so many people knew they were intimate that night and she did not want anyone else to know. Defendant Amico told her that it was not fair she said that about him and that she needed to take responsibility for her actions. Later that day, Plaintiff apologized in the cheer's group Snapchat text chain (where both Plaintiff and Defendant Amico are participants, saying "hey guys. last night I approached this situation the wrong way. me and salvo talked it out this morning and we are figuring

4

stuff out. this is between me and him and we are [on] the same page so please nobody go to the coaches or landers. i'm so sorry I made it such a mess for the team. love ya'll!" Defendant Amico denies any allegations to the contrary in Paragraph 37 of Plaintiff's Original Complaint.

17.    On or about September 5, 2021 (the Sunday after the alleged assault), Defendant Amico heard a commotion outside his dorm room. From his doorway, he saw that Stace was being slapped by Plaintiff's boyfriend and some of Plaintiff's boyfriend's friends because of what Plaintiff had said. Specifically, Plaintiff told her boyfriend that Stace and Will were telling lies about what happened that night and suggested to her boyfriend that Stace should call Defendant Amico to get him outside so that Plaintiff's boyfriend and his friends could fight Defendant Amico. Stace, Defendant Amico's roommate, and Defendant Amico were afraid of what Plaintiff's boyfriend and his friends would do and decided to call the police and report the incident. Defendant Amico denies any other allegations or any allegations to the contrary as alleged in Paragraph 38 of Plaintiff's Original Complaint.

18.    When the police arrived, Defendant Amico told the police the entire story, including why Plaintiff's boyfriend wanted to fight him. The police noted everything and notably banned Plaintiff's boyfriend and his and Plaintiff's friends from the campus for not only the aggression towards Defendant Amico and Stace, but because other members of the cheer team complained these individuals would bring alcohol into the dorms. The college police opened an investigation into the physical intimacy between Plaintiff and Defendant Amico. During the investigation, Defendant Amico learned that the college police compared his statement with video footage on campus. Among other inconsistencies in Plaintiff's story, the footage matched Defendant Amico's statement, showing Plaintiff

laughing and joking with Defendant, clearly at ease, in the days after her alleged assault. After approximately two weeks, the case was sent to a grand jury. The DA's office declined the case and decided it should not be prosecuted. Defendant Amico denies any other allegations or any allegations to the contrary as alleged in Paragraph 39 of Plaintiff's Original Complaint.

19.     Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraphs 40 - 45 of Plaintiff's Original Complaint and, on that basis, denies them.

20.     Defendant Amico denies all the allegations in Paragraphs 46 – 48 of Plaintiff's Original Complaint.

## V.     CAUSES OF ACTION

**A.     COUNT ONE: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 AGAINST DEFENDANTS NAVARRO COLLEGE, MONICA ALDAMA, MICHAEL LANDERS, AND ELIZABETH PILLANS**

21.     Paragraph 49 sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendant Amico denies the allegations in Paragraph 49 of Plaintiff's Original Complaint.

22.     Defendant denies the allegations in Paragraphs 50 – 57 of Plaintiff's Original Complaint.

**B.     COUNT TWO: VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS NAVARRO COLLEGE, MONICA ALDAMA, MICHAEL LANDERS, AND ELIZABETH PILLANS**

23.     Paragraph 58 sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendant Amico denies the allegations in Paragraph 58 of Plaintiff's Original Complaint.

24.     Defendant denies the allegations in Paragraphs 59 – 65 of Plaintiff's Original Complaint.

**C.     COUNT THREE: VIOLATION OF TEXAS CONSTITUTION, ART. I, SEC. 3A, EQUALITY UNDER THE LAW AND ART. I, SEC. 19, DEPRIVATION OF LIFE, LIBERTY, PROPERTY, AGAINST DEFENDANTS NAVARRO COLLEGE, MONICA ALDAMA, MICHAEL LANDERS, ELIZABETH PILLANS**

25.     Paragraph 66 sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendant Amico denies the allegations in Paragraph 66 of Plaintiff's Original Complaint.

26.     Defendant denies the allegations in Paragraphs 67 – 72 of Plaintiff's Original Complaint.

**D.     COUNT FOUR: ASSAULT AGAINST DEFENDANT SALVATORE "SALVO" AMICA**

27.     Paragraph 73 sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendant Amico denies the allegations in Paragraph 73 of Plaintiff's Original Complaint.

28.     Defendant Amico and Plaintiff were physically intimate but all actions were consensual. Defendant Amico denies all allegations to the contrary as alleged in Paragraphs 74 and 75 of Plaintiff's Original Complaint.

29.     Since the physical intimacy between Defendant Amico and Plaintiff was consensual, Defendant Amico denies that Plaintiff suffered any damages as asserted in Paragraph 76 of her Original Complaint.

### *RESPONDEAT SUPERIOR*

30.     Defendant Amico lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Original Complaint and, on that basis, denies them.

## VI.      DAMAGES

31.    Defendant Amico denies the allegations contained in Paragraph 78 of Plaintiff's Original Complaint.

32.    Paragraph 79 sets forth a legal conclusion that does not require a response. To the extent a response is required, Defendant Amico admits that the damages Plaintiff seeks is within the jurisdictional limits of this Court but denies the remaining allegations in Paragraph 79 of Plaintiff's Original Complaint.

## VII.      JURY DEMAND

33.    Defendant Amico admits that Plaintiff requests a trial by jury.

## VIII.      PRAYER

34.    Defendant Amico admits that Plaintiff seeks the relief requested in the Prayer but denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Defendant Amico does not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof. In addition, Defendant Amico continues to investigate Plaintiff's allegations and, therefore, reserve the right to amend his Answer and Affirmative Defenses.

1.    Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

2.    Plaintiff is barred and/or estopped from obtaining relief by her own conduct, acts, omissions, and/or unclean hands.

3.    Plaintiff consented to the physical intimacy between she and Defendant Amico.

4.    Plaintiff's claims are barred, in whole or in part, because Defendant Amico exercised

reasonable care in the physical intimacy between Plaintiff and Defendant Amico.

5.    Plaintiff has failed to adequately mitigate any purported damages she alleges she has suffered and is barred, in whole or in part, from recovering damages.

6.    To the extent Plaintiff seeks, or would seek in the future, punitive damages, Defendant Amico asserts that Plaintiff is not entitled to punitive damage because she can neither demonstrate malic or reckless indifference by Defendant Amico, nor can she impute liability for any willful conduct on Defendant Amico's part because the physical intimacy between the two was consensual.

7.    Any damages purportedly sustained by Plaintiff were not proximately caused by Defendant Amico.

8.    Plaintiff's recovery, if any, is limited under all constitutional and statutory caps and/or limitations, including applicable damages caps and from applicable civil rights statutes, as well as other limitations (constitutional, statutory, and common-law) on awards of compensatory, liquidated, and/or punitive damages.

9.    Plaintiff's damages are the result, in whole or in part, of preexisting conditions and/or independent causes and are not as a result of any act or omission on the part of Defendant Amico.

Defendant Amico presently has insufficient knowledge and information upon which to form a belief about whether they have additional defenses. Accordingly, Defendant Amico reserves the right to assert additional defenses as they become known during the course of this litigation, and hereby specifically reserve the right to amend this Answer for the purpose of asserting additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Amico requests this Court issue an order to deny Plaintiff any relief based on her claim against this Defendant and dismissing Plaintiff's claim(s) against Defendant Amico with prejudice, award Defendant Amico all costs, expenses, reasonable attorneys' fees and damages incurred by Defendant Amico in the defense of this matter, and award any other relief as this Court deems just and proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-583-1107

**ATTORNEY FOR
DEFENDANT SALVATORE
AMICO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Answer & Defenses has been served via the Court's CM/ECF system to all counsel of record.

Bridget Davidson